**3**

LISA HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
 COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
Telephone: (661) 395-1000
Fax: (661) 326-0418
E-mail: lholder@kleinlaw.com

Attorneys for Randell Parker, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>JAMES FLOYD CANNON and JAMIE DARLENE CANNON,<br><br>        Debtors. | Case No. 15-11835-A-7<br><br>Chapter 7<br><br>DCN:  KDG-24<br><br>**Ex Parte Application For:**<br><br>**(1) Order Shortening Time for <u>Filing</u> Second and Final Application under §331 for compensation by Klein, DeNatale as attorneys for chapter 7 trustee ("Fee Application"), and**<br><br>**(2) Order Deeming Fee Application to be Interim Rather Than Final**<br><br>Date:      August 24, 2016<br>Time:     9:00 a.m.<br>Place:    U.S. Bankruptcy Court<br>            2500 Tulare Street<br>            5th Floor, Courtroom 11<br>            Fresno, California<br>Judge:  Hon. Frederick E. Clement |

Klein DeNatale Goldner ("KDG"), brings this *Ex Parte Application For: (1) Order Shortening Time for Filing Second and Final Application under §331 for compensation by Klein, DeNatale as attorneys for chapter 7 trustee ("Fee Application"), and (2) Order Deeming Fee Application to be Interim Rather Than Final* ("ex parte application").

3HY9354                                        1

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

## I.  Shortened time for filing

1.  KDG seeks an Order Shortening Time for <u>filing</u> its *Second and Final Application under §331 for compensation by Klein, DeNatale as attorneys for chapter 7 trustee* ("Fee Application"). KDG <u>served</u> the Fee Application on July 21, 2016, but did not file the Fee Application with the court due to clerical error. All parties in interest received notice of the Fee Application on 28-days' notice. That said, the notice of hearing on the Fee Application noted the incorrect time (1:30 p.m. rather than 9:00 a.m.). KDG intends to serve a corrected notice of hearing noting the correct hearing time as 9:00 a.m.

2.  Local Rule 9014-1(f)(2) permits a motion to be filed and served on interested parties at least fourteen (14) days prior to the hearing date unless longer notice is required by the rules, so long as opposition is permitted to be presented at the hearing on the motion. Fed. R. Bankr. Proc. Rule 2002(a)(2) requires 21-days' notice of a fee application, so the Fee Application ordinarily requires 21-days' notice. Fed. R. Bankr. Proc. 9006(c) allows the court in its discretion to reduce the notice period upon cause shown.

3.  Here, KDG does not request shortened <u>notice</u> to serve the Fee Application, but to <u>file</u> the Fee Application with the court 13 days before the hearing, and to have the court place the Fee Application on calendar.

4.  Based on the declaration of Lisa Holder, authorizing the hearing on the Fee Application on the date already noticed would reduce confusion among the recipients of the Fee Application. Trustee noticed another motion for hearing on the same calendar (KDG-25, a motion to compel turnover), so parties in interest already will be in attendance at the hearing.

5.  The next available hearing date for Chapter 7 cases for hearing in Bakersfield on at least 21 days' notice is September 7, 2016. However, Trustee desires earlier hearings in Fresno because Trustee is working toward closing the case as soon as possible.

6.  No party (except, of course, the court, which will have less time to analyze the Fee Application) would be prejudiced by a shortened notice period because (a) all parties already received 28-days' notice of the hearing.

///

**II.     Deeming the Fee Application interim**

7.     Trustee requested KDG perform additional work after KDG filed its Fee Application, which was described as a "second and final" application. Because KDG will incur additional time and attorney fees to prosecute the additional matters requested by trustee, including but possibly not limited to the motion to compel turnover (KDG-25), KDG requests that the Fee Application be treated as a second interim fee application rather than a final fee application.

WHEREFORE, the KDG prays that:

     a.     The ex parte application be granted;

     b.     KDG's Fee Application be placed on calendar for hearing on August 24, 2106, pursuant to the notice already served on July 21, 2016; and

     c.     The Fee Application be treated as a second interim fee application rather than a final fee application.

Dated: August 11, 2016

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Lisa Holder
LISA HOLDER
Attorneys for
Randell Parker, Chapter 7 Trustee

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309