**MAKAREM & ASSOCIATES** APLC
Ronald W. Makarem, Esq. (Cal. Bar No. 180442)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Debtor JAMES CANNON

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| *In re* JAMES FLOYD CANNON and JAMIE DARLENE CANNON,<br><br>　　　　Debtors. | Case No.: 15-bk-11835<br>DC No.: RWM-1<br>Chapter 7<br><br>Hon. Fredrick E. Clement<br><br>**DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**<br><br>[*Filed concurrently with Makarem Declaration, Ex Parte Notice, Proposed Order, Certificate of Service*]<br><br>**<u>Ex Parte Hearing</u>**<br><br>Date: *not set*<br>Time: *not set*<br>Place: *not set* |

-1-
**DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**

# REQUEST FOR RELIEF

Debtor JAMES CANNON hereby applies for an administrative order reopening this Chapter 7 bankruptcy case. This application is made on the grounds that Debtor requires a ruling on a soon to be filed motion that seeks a determination as to whether the Court, pursuant to the federal common law *Barton* doctrine, has exclusive jurisdiction of state law malpractice claims against Debtor's former bankruptcy counsel. *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881); *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005). The requested relief is warranted because if the case is not reopened, and a state court subsequently dismisses under the *Barton* doctrine for lack of subject matter jurisdiction, Plaintiff's claims may be time barred. The requested relief is authorized pursuant to 11 U.S.C. § 350, F.R.B.P 5010, and Local Rule 5010-1.

The appointment of a trustee is neither necessary nor advisable because Debtor merely seeks a declaratory order, or leave of court, that will enable him to pursue his state-law malpractice claims in state court. Since those claims accrued after this matter was converted to Chapter 7, they are not and were not property of the estate. Debtor does not intend to amend the schedules or statements. In an abundance of caution, Plaintiff's malpractice complaint was previously filed in order to prevent the statute of limitations from running in the event the state court does not have jurisdiction.

[MEMORANDUM FOLLOWS ON NEXT PAGE]

# MEMORANDUM

## I. INTRODUCTION

Debtor seeks an administrative order reopening the bankruptcy case so that the Court may rule on Debtor's Motion to Deem *Barton* Doctrine Inapplicable or, Alternatively, to Obtain Leave of Court to Prosecute Malpractice Action in State Court. That motion will seek a determination as to whether the Court, pursuant to the federal common law *Barton* doctrine, has exclusive jurisdiction of state law malpractice claims against Debtor's former bankruptcy counsel. The requested relief is warranted because if the case is not reopened to obtain a declaratory ruling or leave of court, and a state court subsequently dismisses under the *Barton* doctrine for lack of subject matter jurisdiction, Plaintiff's claims may be time barred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Debtor began the above-captioned matter on May 6, 2015 by filing a voluntary petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code ("Code"). At the time, Debtor was represented by Robert Williams. (Pet., ECF No. 1). By order dated August 13, 2015, the Court converted this case to Chapter 7. (Order, ECF No. 85). On March 14, 2016, the Court denied Debtor a discharge under § 727 of the Code. (J., ECF No. 403). On May 17, 2017, a final decree issued closing the bankruptcy estate. (Final Decree, ECF No. 655).

Debtor alleges that he incurred damages following conversion to Chapter 7 as a result of Mr. Williams professional negligence in connection with the bankruptcy proceedings. This application followed in order to determine the applicability of the *Barton* doctrine to Debtor's state-law claims against Mr. Williams.

## III. LEGAL ANALYSIS

Section 350(b) of the Code provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Federal Rule of Bankruptcy Procedure 5010 permits a court to

reopen a case on motion of the debtor. Fed. R. Bankr. P. 5010. If the case is reopened, a trustee shall not be appointed "unless the court determines that a trustee is necessary to protect the interest of creditors and the debtor or to insure efficient administration of the case." *Id.*

Motions for the reopening of cases should be "routinely granted because the case is necessarily reopened to consider the underlying request for relief." *In re Dodge*, 138 B.R. 602, 605 (Bankr. E.D. Cal. 1992). The underlying relief requested is not to be decided in an administrative motion to reopen. *Menk v. LaPaglia*, 241 B.R. 896, 916-17 (9th Cir. B.A.P. 1999). The Court has broad discretion to determine what constitutes "cause" for reopening a case under § 350(b). *Elias v. Lisowski Law Firm, CHTD*, 215 B.R. 600, 604 (B.A.P. 9th Cir. 1997). Thus, "cause" pursuant to § 350 includes a request by a party in interest for a determination of whether the *Barton* Doctrine applies. *See In re Weitzman*, 381 B.R. 874, 880 (Bankr. N.D. Ill. 2008).

Here, there is ample cause to reopen the case so that the Court can decide Debtor's motion that seeks a ruling on the applicability of the *Barton* doctrine. If the Court rules that the *Barton* doctrine does not apply, then Debtor will dismiss his previously filed federal complaint and proceed in state court. If the Court rules that the *Barton* doctrine does apply, it nevertheless has discretion to grant leave so that Debtor may dismiss the federal complaint and proceed in state court. Under either scenario, this matter can then be closed. Since neither the interests of creditors nor administrative efficiency are implicated, a trustee "shall not be appointed." Fed. R. Bankr. P. 5010.

On the other hand, if the Court determines the *Barton* doctrine does apply but does not grant leave, then this matter will need to be remained open so that Debtor can litigate his malpractice claims. Since those claims accrued after conversion to Chapter 7, they are not, and never should have been, property of the bankruptcy estate. Hence, the interests of creditors are not implicated. Further, since the litigation would be limited to a straightforward malpractice claim, it is in the nature of a simple two party adversary

-4-
**DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**

proceeding easily susceptible of administration by the Court. Accordingly, there would be no need to appoint a trustee. Fed. R. Bankr. P. 5010.

**IV. CONCLUSION**

  For the forgoing reasons, Debtor respectfully requests the Court to reopen the matter for the limited purpose described above.

Dated:  January 16, 2018　　　　　　　　**MAKAREM & ASSOCIATES,** APLC

              By: ___**/s/** Ronald W. Makarem___
                Ronald W. Makarem
                Attorneys for Debtor JAMES CANNON

**DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**