MAKAREM & ASSOCIATES APLC
Ronald W. Makarem, Esq. (Cal. Bar No. 180442)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Debtor JAMES CANNON

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| *In re* JAMES FLOYD CANNON and JAMIE DARLENE CANNON, <br><br> Debtors. | Case No.: 15-bk-11835 <br> DC No.: RWM-1 <br> Chapter 7 <br><br> Hon. Fredrick E. Clement <br><br> **DECLARATION OF RONALD MAKAREM IN SUPPORT OF DEBTOR'S APPLICATION TO REOPEN CASE** <br><br> **Ex Parte Hearing** <br><br> Date: *not set* <br> Time: *not set* <br> Place: *not set* |

-1-
**DECLARATION OF RONALD MAKAREM IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**

# MAKAREM DECLARATION

I, Ronald Makarem, declare and state as follows:

1.	I am an attorney duly licensed to practice law in all of the courts of the State of California and in the United States District Court for the Eastern District of California. I am an attorney at Makarem & Associates APLC, which represents Debtor in state-court litigation and in this Court for the limited purpose set forth below. I have personal knowledge of each of the facts set forth herein, except where indicated otherwise. If called upon to do so, I could and would testify competently thereto.

2.	I represent Debtor James Cannon in connection with legal malpractice claims alleged against his former Chapter 13 and Chapter 7 bankruptcy counsel, Robert Williams. I do not practice bankruptcy law and do not represent Mr. Cannon in connection with his bankruptcy. Due to my experience in the legal malpractice field, however, I am aware of the federal common law *Barton* doctrine, which in certain circumstances deprives a state court from exercising jurisdiction over a lawsuit that potentially affects the administration of a bankruptcy estate. If the *Barton* doctrine applies, leave of the bankruptcy court is required in order to litigate a matter in state court.

3.	Based on my firm's research and my discussions with other legal malpractice practitioners, it is my understanding that the *Barton* doctrine potentially applies after the bankruptcy case has been closed in lawsuits against a trustee, court-approved counsel, or debtor-in-possession's counsel. To date, I have not located any precedential Ninth Circuit opinion, or published district court decision within the Ninth Circuit, that addresses whether the *Barton* doctrine applies in a lawsuit brought against a debtor's former Chapter 13 attorney.

4.	On January 11, 2018, I filed a legal malpractice complaint against Mr. Williams in state court on behalf of Mr. Cannon. If the state court dismisses the case for lack of subject matter jurisdiction pursuant to the *Barton* doctrine, the statute of limitations may bar Mr. Cannon from refiling in the Eastern District bankruptcy court. Due to the

**DECLARATION OF RONALD MAKAREM IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**

uncertainty of the *Barton* doctrine, and the irreparable harm to Mr. Cannon should his claims become time barred, I previously filed a federal complaint prior to the instant application to reopen the bankruptcy case. Soon thereafter, I will file a motion seeking a determination of whether the *Barton* doctrine applies, and if so the Court's leave to proceed with the state court litigation.

5. I am mindful of the Court's busy docket and would not have filed the instant application and the complaint if I did not believe it was necessary to protect the interests of my client.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Dated: January 16, 2018              **MAKAREM & ASSOCIATES, APLC**

                                By:  **/s/** Ronald W. Makarem
                                     Ronald W. Makarem
                                     Attorneys for Debtor JAMES CANNON

**DECLARATION OF RONALD MAKAREM IN SUPPORT OF DEBTOR'S EX PARTE APPLICATION TO REOPEN CASE**