**MAKAREM & ASSOCIATES APLC**
Ronald W. Makarem, Esq. (Cal. Bar No. 180442)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Debtor and Plaintiff JAMES CANNON

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| *In re* JAMES FLOYD CANNON and JAMIE DARLENE CANNON,<br><br>Debtors. | Case No.: 15-bk-11835<br>DC No.: RWM-1<br>Chapter 7<br><br>Hon. Fredrick E. Clement<br><br>**COMPLAINT FOR:**<br><br>**(1) NEGLIGENCE (LEGAL MALPRACTICE);**<br>**(2) BREACH OF FIDUCIARY DUTY;**<br>**(3) BREACH OF CONTRACT** |
| JAMES CANNON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT STANLEY WILLIAMS, an individual; WILLIAMS & WILLIAMS, Inc., a California professional corporation; and DOES 1-10, inclusive,<br><br>Defendants. | DEMAND FOR JURY TRIAL |

-1-
COMPLAINT

Debtor and Plaintiff JAMES CANNON ("Debtor" or "Plaintiff") complains and alleges as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction of the above-captioned Chapter 7 bankruptcy case pursuant to 28 U.S.C. § 1334. An application to reopen case and a motion for a determination that the *Barton* doctrine does not apply to this case will be filed immediately after this Complaint. In the event the *Barton* doctrine does apply, then the Court has subject matter jurisdiction of the proceedings commenced by this Complaint ("Malpractice Action") under federal common law because it is a suit against a court-appointed officer or court-approved counsel for acts done in that capacity. *Barton v. Barbour*, 104 U.S. 126, 26 L.Ed. 672 (1881); *In re Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005).

## PARTIES

2. Plaintiff James Cannon is an individual who resided in Bakersfield, California and Weiser, Idaho at all times relevant hereto.

3. Defendant Williams & Williams, Inc., is a California corporation with offices at 2441 G Street, Suite A, Bakersfield, California 93301 ("Law Firm").

4. Defendant Robert Stanley Williams is an attorney licensed to practice law in the State of California, with his principal place of business at 2441 G Street, Suite A, Bakersfield, California 93301 ("Williams," who together with the Law Firm shall be collectively referred to as "Defendant").

5. Plaintiff is presently unaware of the names or capacities of the defendants named in this Complaint ("Complaint") as Does 1-10 inclusive, and therefore sues said defendants by said fictitious names. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said defendants when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said

1　fictitiously named defendants is responsible in some manner for the acts, omissions and
2　damages alleged in this Complaint.

3　　　　6.　　Plaintiff is informed and believes, and thereon alleges, that at all times
4　relevant to this Complaint, all defendants, including the fictitiously named defendants,
5　were the agents, servants, alter egos, affiliates, employers, principals and/or employees of
6　each other and engaged in the conduct alleged herein within the course, scope and
7　authority of their respective capacities.

## **STATEMENT OF FACTS**

9　　　　7.　　In 2015, Plaintiff was an individual engaged in various businesses,
10　including real estate investment and property management.

11　　　　8.　　In or around April of 2015, Plaintiff retained Defendant to provide advice
12　and representation in connection with a voluntary bankruptcy petition. Defendant
13　agreed to perform legal services in exchange for valuable consideration.

14　　　　9.　　Plaintiff desired to preserve his business enterprise as a going concern.
15　Accordingly, Plaintiff sought to pursue reorganization under Chapter 11 of the
16　Bankruptcy Code.

17　　　　10.　　Due to conflicted motives, self-interest, or conduct falling below the
18　standard of care, Defendant caused Plaintiff to believe, and advised, that he should file a
19　petition under Chapter 13 rather than Chapter 11. To this end, Defendant further advised
20　Plaintiff to transfer certain real property encumbered by a recourse loan so that Plaintiff
21　would meet the debt eligibility requirements under Chapter 13. Pursuant to Defendant's
22　advice, Plaintiff transferred his interest in the property ("Prepetition Transfer").
23　Thereafter, Defendant filed a Chapter 13 bankruptcy petition ("Petition") on Plaintiff's
24　behalf.

25　　　　11.　　After filing the Petition, Defendant advised Plaintiff that he could accept
26　outstanding offers to purchase certain other real property. Pursuant to Defendant's
27　advice, Plaintiff closed sale on that property ("Postpetition Sale").

28

-3-
COMPLAINT

12. As a consequence of Defendant's advice and conduct in connection with the Prepetition Transfer, the Petition, and the Postpetition Sale, the Court converted the above-captioned bankruptcy case, No. 15-bk-11835 (Bankr. E.D. Cal.), to Chapter 7 ("Bankruptcy Matter"). The Court ultimately denied Plaintiff a discharge.

13. In regards to the Bankruptcy Matter, Defendant: (1) failed to effectuate the intentions and objectives of Plaintiff; (2) failed to competently, properly, and diligently handle the Bankruptcy Matter within the applicable standard of care; (3) improperly advised Plaintiff to file a petition under Chapter 13; (4) failed to advise Plaintiff to pursue a workout agreement with his creditors prior to filing for bankruptcy; (5) failed to timely advise Plaintiff to file a petition under Chapter 11 or to timely consult counsel regarding a Chapter 11 petition; (6) failed to evaluate the financial situation of Plaintiff and Plaintiff's business enterprise; (7) failed to identify the business entities for which bankruptcy protection was sought; (8) incorrectly advised Plaintiff that the Prepetition Transfer would allow him to meet the Chapter 13 eligibility requirements; (9) failed to timely advise Plaintiff that the Postpetition Sale required prior court approval; (10) failed to properly oppose the motion to convert the case to Chapter 7; (11) failed to successfully move the Court to convert the case to Chapter 11; (12) failed to voluntarily dismiss the case prior to conversion to Chapter 7; (13) failed to oppose motions (e.g. motion for denial of discharge) and file objections to creditors' claims; (14) failed to timely submit all required documentation and financial information to the Court and the bankruptcy trustee; (15) failed to timely obtain necessary financial documentation and disclosures from Plaintiff; (16) mishandled the case after conversion to Chapter 7; (17) failed to advise Plaintiff regarding the disposition of assets that were property of the bankruptcy estate; (18) failed to timely file amended schedules; (19) failed to preserve Plaintiff's business enterprise as a going concern; (20) failed to advise Plaintiff to consult counsel regarding Defendant's malpractice; and (21) failed to obtain a discharge.

14. As a result of the forgoing conduct, omissions, and breaches of duty, Plaintiff suffered actual damages in the Chapter 7 bankruptcy, including, without limitation: loss of ownership interest and equity in real property holdings; loss of ownership interest and equity in personal property; lost profits; lost rents; administrative and legal fees and costs paid to the Chapter 7 bankruptcy trustee; costs incurred in the sale of real and personal property; adverse judicial orders entailing loss of rights and monetary payments to creditors; non-dischargeable debt; attorney fees; litigation costs; and mitigation costs.

## FIRST CAUSE OF ACTION

## PROFESSIONAL NEGLIGENCE

15. Plaintiff realleges and incorporates herein as if fully set forth all of the allegations contained in this Complaint.

16. At all times relevant to Plaintiff's claims and causes of action herein, Defendant had an attorney-client relationship with Plaintiff, and consequently owed Plaintiff the duty to exercise the degree of skill, care, and competence commonly possessed by attorneys in their legal community having similar training, experience and expertise in bankruptcy law.

17. At the time Plaintiff engaged Defendant, and throughout his representation of Plaintiff, Defendant represented that he was particularly competent in bankruptcy matters. On information and belief, Defendant is a certified legal specialist in bankruptcy law.

18. Defendant breached the standard of care owed to Plaintiff, and did not provide the degree of legal competence and expertise in connection with the legal services and advice in the Bankruptcy Matter in that, among other things, Defendant:

    (1) failed to effectuate the intentions and objectives of Plaintiff;

    (2) failed to competently, properly, and diligently handle the Bankruptcy Matter within the applicable standard of care;

(3) improperly advised Plaintiff to file a petition under Chapter 13;

(4) failed to advise Plaintiff to pursue a workout agreement with his creditors prior to filing for bankruptcy;

(5) failed to timely advise Plaintiff to file a petition under Chapter 11 or to timely consult counsel regarding a Chapter 11 petition;

(6) failed to evaluate the financial situation of Plaintiff and Plaintiff's business enterprise;

(7) failed to identify the business entities for which bankruptcy protection was sought;

(8) incorrectly advised Plaintiff that the Prepetition Transfer would allow him to meet the Chapter 13 eligibility requirements;

(9) failed to timely advise Plaintiff that the Postpetition Sale required prior court approval;

(10) failed to properly oppose the motion to convert the case to Chapter 7;

(11) failed to successfully move the Court to convert the case to Chapter 11;

(12) failed to voluntarily dismiss the case prior to conversion to Chapter 7;

(13) failed to oppose motions (e.g. motion for denial of discharge) and file objections to creditors' claims;

(14) failed to timely submit all required documentation and financial information to the Court and the bankruptcy trustee;

(15) failed to timely obtain necessary financial documentation and disclosures from Plaintiff;

(16) mishandled the case after conversion to Chapter 7;

(17) failed to advise Plaintiff regarding the disposition of assets that were property of the bankruptcy estate;

(18) failed to timely file amended schedules;

(19) failed to preserve Plaintiff's business enterprise as a going concern;

         (20) failed to advise Plaintiff to consult counsel regarding Defendant's malpractice; and

         (21) failed to obtain a discharge.

19. As a direct and proximate result of Defendant's breaches of the standard of care, and failure to exercise or provide the degree of legal expertise and competence required in the Bankruptcy Matter, Plaintiff incurred damages and losses according to proof.

20. For Defendant's negligence, Plaintiff seeks compensatory and consequential damages in amounts more specifically to be proven at trial.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

21. Plaintiff realleges and incorporates herein as if fully set forth all of the allegations contained in this Complaint.

22. As Plaintiff's attorney, Defendant owed fiduciary duties, requiring competent and proper handling, within the applicable standard of care, and complying with the applicable Rules of Professional Conduct and the applicable provisions of the Business and Professions Code in dealings with Plaintiff.

23. Defendant breached their fiduciary duties to Plaintiff, in that Defendant, among other things:

         (1) violated the California Rules of Professional Conduct, including but not limited to Rules 3-100, 3-110, 3-210, 3-310, and 3-500;

         (2) failed to competently, properly, and diligently handle the Bankruptcy Matter within the applicable standard of care;

         (3) due to conflicted motives, self-interest, or conduct falling below the standard of care, improperly advised Plaintiff to file a bankruptcy petition under Chapter 13;

-7-
COMPLAINT

1　　　　　　　(4) failed to timely advise Plaintiff to consult counsel regarding a Chapter
2　　　　　　　　　11 petition;
3　　　　　　　(5) failed to identify the business entities for which bankruptcy protection
4　　　　　　　　　was sought;
5　　　　　　　(6) improperly advised Plaintiff to transfer property in order to meet
6　　　　　　　　　Chapter 13 eligibility requirements;
7　　　　　　　(7) improperly advised Plaintiff to sell property without first obtaining
8　　　　　　　　　approval from the Court;
9　　　　　　　(8) failed to timely obtain necessary financial documentation and
10　　　　　　　　disclosures from Plaintiff;
11　　　　　　　(9) failed to advise Plaintiff regarding the disposition of assets that were
12　　　　　　　　property of the bankruptcy estate; and
13　　　　　　　(10) failed to advise Plaintiff to consult counsel regarding Defendant's
14　　　　　　　　malpractice;

24.　　As a direct and proximate result of the above-described breaches of fiduciary duties by Defendant to Plaintiff, Plaintiff incurred damages and losses according to proof.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

25.　　Plaintiff realleges and incorporates herein as if fully set forth all of the allegations contained in this Complaint.

26.　　Plaintiff and Defendant entered into a written retainer agreement according to the terms of which Defendant agreed, in exchange for valuable consideration, to perform legal services for Plaintiff in connection with the Bankruptcy Matter.

27.　　The retainer agreement provided, among other things, that Defendant would represent Plaintiff in connection with the bankruptcy. Implied in the retainer agreement was that Defendant agreed to perform these legal services in a manner

-8-
COMPLAINT

.

consistent with the fiduciary relationship of attorney and client and in a manner consistent with the standard of practice ordinarily followed by other attorneys in good standing practicing bankruptcy law in Kern County, California.

28. Plaintiff performed all his obligations under the terms of the retainer agreement referenced above, or such performance was excused.

29. In accordance with the retainer agreement and in reliance on Defendant's undertaking to properly represent Plaintiff, Plaintiff paid the Defendant's attorney fees.

30. Defendant failed to perform under the retainer agreement in that Defendant breached its terms and failed to exercise the requisite skill and care of a reasonable attorney practicing bankruptcy law in Kern County, California, in connection with Bankruptcy Matter, including, but not limited to, the following:

   (1) failed to effectuate the intentions and objectives of Plaintiff;
   (2) failed to competently, properly, and diligently handle the Bankruptcy Matter within the applicable standard of care;
   (3) improperly advised Plaintiff to file a petition under Chapter 13;
   (4) failed to evaluate the financial situation of Plaintiff and Plaintiff's business enterprise;
   (5) failed to identify the business entities for which bankruptcy protection was sought;
   (6) incorrectly advised Plaintiff that the Prepetition Transfer would allow him to meet the Chapter 13 eligibility requirements;
   (7) failed to obtain court approval prior to the Postpetition Sale;
   (8) failed to successfully move the Court to convert the case to Chapter 11;
   (9) failed to voluntarily dismiss the case prior to conversion to Chapter 7;
   (10) failed to oppose motions (e.g. motion for denial of discharge) and file objections to creditors' claims;

  (11) failed to timely submit all required documentation and financial information to the Court and the bankruptcy trustee;

  (12) failed to timely obtain necessary financial documentation and disclosures from Plaintiff;

  (13) failed to advise Plaintiff regarding the disposition of assets that were property of the bankruptcy estate;

  (14) failed to timely file amended schedules; and

  (15) failed to obtain a discharge.

31. As a direct and proximate result of Defendant's breaches of the retainer agreements in the Bankruptcy Matter, Plaintiff has incurred damages and losses according to proof, including, but not limited to, attorney fees, and other losses and damages according to proof at the time of trial.

32. Further, as a result of the failure of Defendant to perform as required under the retainer agreement, there has been a failure of consideration and a breach of the retainer agreement. The value of the legal services Defendant provided to Plaintiff has not yet been ascertained, but is believed to be less than the sums paid by Plaintiff to Defendant under the retainer agreement.

33. Plaintiff seeks compensatory and consequential damages from Defendant in an amount to be proven at trial.

**WHEREFORE PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:**

**On the First Cause of Action:**

 1. For compensatory and consequential damages according to proof.

**On the Second Cause of Action:**

 1. For compensatory and consequential damages according to proof.

**On the Third Cause of Action:**

 1. For compensatory and consequential damages according to proof.

**On All Causes of Action:**

1. For costs of suit incurred herein.

2. For such other and further relief as the Court may deem appropriate.

Dated: January 12, 2018  **MAKAREM & ASSOCIATES, APLC**

By: **/s/** Ronald W. Makarem
Ronald W. Makarem
Attorneys for Plaintiff JAMES CANNON

-11-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: January 12, 2018　　　　**MAKAREM & ASSOCIATES, APLC**

　　　　　　　　　　　　By: __/s/ Ronald W. Makarem__
　　　　　　　　　　　　　　Ronald W. Makarem
　　　　　　　　　　　　　　Attorneys for Plaintiff JAMES CANNON