```
                    UNITED STATES BANKRUPTCY COURT

                    EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| In re: | Case No. 15-11835-A-7 |
| JAMES FLOYD CANNON and JAMIE DARLENE CANNON | RWM-1 |
| Debtors. | ORDER MODIFYING ORDER REOPENING CASE AND REQUESTING APPOINTMENT OF CHAPTER 7 TRUSTEE |

Whereas:

1. Robert S. Williams ("Williams") is an attorney at law;
2. James Floyd Cannon and Jamie Darlene Cannon ("Cannons") retained Williams to advise them of the rights and remedies as bankrupt persons and, if appropriate, to file a bankruptcy on their behalf;
3. after consulting with Williams, Cannons filed a Chapter 13 bankruptcy petition;
4. schedules and statements in support of the petition were filed;
5. Cannons scheduled ownership of 17 parcels of real property but did not schedule any cause of action due them, including any cause of action against Williams, as a part of their bankruptcy schedules;
6. three months thereafter the case was converted to Chapter 7 on motion of the Chapter 13 trustee;
7. Randell Parker ("Parker") was appointed the Chapter 7 trustee;
8. Parker brought an action against Williams to deny their discharge, *Parker v. Cannon (In re Cannon)*, No. 15-1139 (Bankr. E.D. Cal. 2015);
9. Parker prevailed in that adversary proceeding and under 11 U.S.C. §§ 727(a)(2)(B), 727(a)(11), and the debtors were denied a discharge of their debts;
10. Parker liquidated Cannons' assets yielding in excess of $830,000 for the estate;
11. the case closed;
12. thereafter Cannons moved to reopen their Chapter 7 for the

purposes of pursuing professional negligence claims against Williams;

13. the case was reopened but a trustee was not appointed, Order, January 16, 2018, ECF # 659;

14. Cannons have filed an action in state court and an adversary proceeding in this court asserting claims of professional negligence against Williams, at least some of which appear to have accrued prior to the date of the Cannons' bankruptcy petition, *Cannon v. Williams (In re Williams)*, ¶¶ 8-13, January 16, 2018, ECF # 1;

15. Williams' prepetition negligence, if any, is property of the estate, even if that cause of action did not accrue until post-petition, *In re Ellwanger*, 140 B.R. 891 (1992);

16. any cause of action against Williams was not scheduled and has never been abandoned by the estate, 11 U.S.C. § 554(c); *In re Dunning Bros*, 410 B.R. 877 (Bankr. E.D. Cal. 2009);

17. Cannons have moved for an order deeming the *Barton* doctrine inapplicable or, in the alternative, for leave to proceed in state court, motion to deem Barton doctrine inapplicable, January 23, 2018, ECF # 665;

18. because at least some of the causes of action against Williams appear to be property of the estate, this court believes that order declining to appoint a Chapter 7 trustee was entered unadvisedly.

Therefore, it is hereby ordered that:

1. the Order Reopening Case, January 16, 2018, ECF # 659, is modified as provided in paragraph 2 of this order;

\

 2. a Chapter 7 trustee shall be appointed; and

 3. the United States Trustee is invited to govern itself accordingly.

Dated: Jan 29, 2018

                                                 *[signature]*

Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
## Service List – Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC.

James Floyd Cannon
1134 W Galloway Ave
Weiser ID 83672

Jamie Darlene Cannon
1134 W Galloway Ave
Wesier ID 83672

Randell Parker
3820 Herring Rd
Arvin CA 93203

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Room 1401
Fresno CA 93721

Lisa Holder
4550 California Ave 2nd Fl
Bakersfield CA 93309

Robert S. Williams
2441 G St., Ste. A
Bakersfield CA 93301

Ronald W. Makarem
11601 Wilshire Blvd #2440
Los Angeles CA 90025