**3**
Lisa Holder, CSB No. 217752
Lisa Noxon Holder, PC
3710 Earnhardt Drive
Bakersfield, CA 93306
661.205.2385
Lholder@Lnhpc.com
www.Lnhpc.com

Attorneys for Trudi G. Manfredo, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 15-11835-A-7 |
| James Floyd Cannon and Jamie Darlene Cannon, | Chapter 7 |
| Debtors. | DC No. LNH-1 |
| | **Trustee's Motion Under Rule 9019 to Approve Compromise of Property of the Estate Dispute** |
| | Date: August 22, 2018<br>Time: 9:00 a.m.<br>Place: United States Courthouse<br>2500 Tulare Street, 5th Floor<br>Courtroom 11<br>Fresno, California<br>Judge: Hon. Fredrick E. Clement |

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

The *Trustee's Motion Under Rule 9019 to Approve Compromise of Property of the Estate Dispute* ("Motion"), filed by Trudi G. Manfredo, Chapter 7 Trustee ("Trustee") for the Chapter 7 estate of James Floyd Cannon and Jamie Darlene Cannon ("Debtors"), is brought to resolve the dispute between Debtors and the Trustee regarding who owns the legal malpractice claim ("Claim") asserted against Robert S. Williams and Williams & Williams, Inc. (together, "Williams").

///

**Motion**: To approve the compromise of the disputed ownership of the Claim between Trustee and Debtors. Under the compromise:

1. Debtors will prosecute the Claim in their own name(s), with their counsel of choice, in their forum of choice, and have 100% control over the litigation, including trial and settlement;
   a. Debtors' counsel will be paid its fees and expenses without further application to this court;
   b. The Claim is not property of the estate;
2. In exchange, Trustee will:
   a. Receive one-third of the "Net Litigation Proceeds," defined as the gross settlement or judgment less Debtors' attorney's fees & costs;
   b. Receive a consensual lien against the litigation to secure payment;
3. This is essentially a secured contractual obligation for Debtors to pay Trustee one-third of the Net Litigation Proceeds in exchange for Trustee releasing her interest in the Claim.

**Authority**: FRBP Rule 9019; 11 U.S.C. § 704(a)(1).

**Notice and opposition**: LBR 9014-1(f)(1), 28-days notice, written opposition required 14 days before the hearing.

**Order requested**: Granting the Motion as described in the prayer for relief.

The Motion is based on this moving paper, the memorandum of points and authorities, the declarations of Jared Walder and Trudi G. Manfredo, the notice of hearing, the exhibits, any reply documents filed by Trustee, and argument of counsel at the hearing. The statement of facts is in the memorandum of points and authorities.

**The prayer for relief requested is:**

WHEREFORE, Trustee prays that the Court make and enter its order:

1. Entering the default of parties that failed to respond;
2. Granting the *Trustee's Motion Under Rule 9019 to Approve Compromise of Property of the Estate Dispute*;

3. Authorizing Debtors to litigate the Claim in their own name(s), with their counsel of choice, in their forum of choice, with 100% control over the litigation, including trial and settlement;

4. Deeming the Claim is Debtors' property, not property of the estate;

5. Debtors' counsel is not engaged as, and is not deemed to be, counsel for Trustee and the estate, and need file no application with this court for approval its fees and expenses;

6. Debtors be required to pay Trustee one-third of the "Net Litigation Proceeds," defined as the gross settlement or judgment less Debtors' attorney's fees & costs (whether resolved by settlement or by trial);

7. Debtors be required to give a consensual lien in favor of Trustee and the estate for the estate's one-third share of the Net Litigation Proceeds;

8. Authorizing Trustee, without further court order, to pay Debtors' counsel such attorney's fees and costs as are incurred and attributable to Trustee's one-third share of the litigation proceeds; including authorizing Debtor's counsel to deliver to Trustee the estate's share, with an accounting;

9. Requiring Debtors to respond within seven days to Trustee's reasonable requests for information regarding the litigation Claim's status;

10. Authorizing Trustee, on behalf of the bankruptcy estate, to otherwise release Trustee's and the estate's interest in the Claim;

11. Waiving the 14-day stay of enforcement under Fed. R. Bankr. Proc., Rule 7062; and

12. Granting such other relief as the Court deems proper.

Dated: July 25, 2018                 Lisa Noxon Holder, PC

                                     By /s/ Lisa Holder
                                        Lisa Holder, Attorneys for
                                        Trudi G. Manfredo, Chapter 7 Trustee

                                          ORIGINAL