Kristin Zilberstein, Esq., (SBN 200041)
Jennifer R. Bergh, Esq., (SBN 305219)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Tel: (949) 427-2010
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorneys for Movant,
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST, its successors and assigns

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 15-11835 |
| James Floyd Cannon and Jamie Darlene Cannon, | DCN: MRG-1 |
| Debtors. | CHAPTER 7 |
| | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** |
| | DATE: 11/7/18<br>TIME: 9:45 AM<br>Location: 510 19th Street, Bakersfield, CA |
| | Honorable Fredrick E. Clement |

COMES NOW, Movant U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST ("**Movant**") and submits the following in support of its Motion for Relief From Stay.

1

MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. INTRODUCTION

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST submits this Motion for Relief From Stay ("**Motion**") pursuant to *11 U.S.C. Section 362(d)(1)* for authority to exercise any and all of its rights and remedies under its loan documents and applicable law in connection with real property commonly known as 5820 FERNSIDE CT, BAKERSFIELD, CA 93313 (the "**Property**").

The Debtors, James Floyd Cannon and Jamie Darlene Cannon (heirinafter collectively, "**Debtor**") filed a Chapter 13 case on May 6, 2015. Thereafter the case was converted to a Chapter 7. As is shown below, Movant is not adequately protected due to the contractual default under its loan. Movant's loan is due for the March 1, 2016 payment and all subsequent payments.

## II.
## STATEMENT OF FACTS

The Borrower executed and delivered to, Wachovia Mortgage, FSB, a Federal Savings Bank, that certain Fixed Rate Mortgage Note dated February 26, 2008, in the original principal amount of $225,000.00 (the "Note"). Movant is the current owner of the Note and is in possession of the original Note. Concurrently therewith, and as security for the Note, Borrower executed and delivered to Wachovia Mortgage FSB, a Deed of Trust which was recorded in the Official Records of Kern County, California as Document No.: 029837 on February 28, 2008 (the "Deed of Trust"), and which encumbers the Property. Thereafter, all interests in the Deed of Trust were assigned to Movant by Assignment of Deed of Trust.

Movant's loan is post-petition due for the March 1, 2016, payment and all subsequent payments as follows:

| | | | |
|---|---|---|---|
| 03/01/16-06/01/17 | 16 payments @ $1,662.72 | = | $26,603.52 |
| 07/01/17-12/01/17 | 6 payments @ $1,819.18 | = | $10,915.08 |
| 01/01/18-07/01/18 | 7 payments @ $2,118.67 | = | $14,830.69 |
| | Late Charge | = | $67.46 |

| | | | |
|---|---|---|---|
| | Fees | = | $1,986.53 |
| | Foreclosure Fees | = | $427.50 |
| | Bankruptcy Fees | = | $550.00 |
| | Property Inspection Fees | = | $25.00 |
| 06/01/18 | MFR Attorney Fees | = | $1,081.00 |
| **Total Post-Petition Default:** | | = | **$56,486.78** |

The total amount owed to Movant is no less than $220,295.32. Pursuant to the Deed of Trust, Movant is entitled to take the necessary steps to protect its interest in the Property, including advancing taxes, insurance, foreclosure fees and costs and attorney's fees and costs, and to assess the costs plus interest, to the balance due under the Loan.

Based on the foregoing, Movant seeks relief from stay under 11 U.S.C. 362(d)(1) herein to proceed with its non-bankruptcy remedies including, but not limited to, foreclosure upon, obtaining possession of and selling the Property.

### III.
### DISCUSSION

**A. Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection**

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note. **Debtor is in default for failing to tender twenty-nine (29) monthly mortgage payments**. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.,* 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981);

3

*see also* <u>In re Jones</u>, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing <u>Hinkle</u>, 14 BR at 204)). The failure to tender any mortgage payments is sufficient cause to terminate the automatic stay. As a result, Movant is not adequately protected. In re Mellor, 734 F.2d 1396, 1400 (9th Cir. 1984). Based on the foregoing, cause exists to grant Movant's request to terminate the automatic stay.

### IV. CONCLUSION

Based on the foregoing, Movant requests that the Court grant the Motion authorizing Movant to exercise its rights and remedies under applicable law and the loan documents with respect to the Property and all related assets as identified in the Deed of Trust; that Movant be awarded its attorney's fees and costs and that the Court waive the 14 day stay pursuant to Bankruptcy Rule 4001(a) (3); and for such other and further relief as the Court deems just and proper.

Dated: 09/18/2018　　　　　　　　　　LAW OFFICES OF MICHELLE GHIDOTTI

/s/ Krsitin Zilberstein
Krsitin Zilberstein, Esq.
Attorney for Movant, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES III TRUST