PHILLIP GILLET, JR.
ATTORNEY AT LAW
1705 27TH STREET
BAKERSFIELD, CALIFORNIA 93301-2807
(661) 323-3200 ● FACSIMILE (661) 323-3078
Phillip W. Gillet, Jr., State Bar No. 214914
lawyer@bak.rr.com
Attorney for debtor[1]

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:
JAMES FLOYD CANNON
JAIME DARLENE CANNON

Address:  1134 W. Galloway Avenue
　　　　　　Weiser, ID  83672

Social Security No(s)./TIP No(s).
　　xxx-xx-5710
Tax ID / EIN: 46-0551860

　　　　　Debtor(s).

Case No.: 15-11385-A-7

Chapter 7
Docket Control No(s).: MRG-1

**DATE:** November 7, 2018
**TIME:** 9:45 a.m.
**PLACE:** 510 19th Street
　　　　　　Bakersfield, California
**JUDGE:** Hon. Fredrick E. Clement

**DEBTORS' OPPOSITION TO U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST'S MOTION FOR RELIEF FROM STAY.**

TO U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST AND ITS ATTORNEY(S) OF RECORD:

　　The debtor opposes the relief from stay because he has the property for sale, there is $75,000 to $100,000 in equity to protect the creditor and the proceeds from the sale will be paid to Mr. Cannon's bankruptcy estate to purchase a malpractice claim that may be property of the estate.

　　**I.　　FACTS**

　　The debtor just retained my office today to file an opposition to this motion.  Counsel for the debtors understands that an opposition was due on October 24, 2018.  A substitution of attorney will

---

[1] The term "debtor" includes both singular and plural.  *See* 11 U.S.C. § 102(7).

1

DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY

be filed shortly. Debtors' counsel will also contact the moving party to see if a resolution of this motion is possible, or in the alternative, an agreement to allow late-filed opposition, including admissible evidence, if necessary.

The debtor currently has the property at 5820 Ferndale Court, Bakersfield, CA 93313 listed for sale. The debtor intends to sell the house that is subject to the relief from stay and use the proceeds to pay the bankruptcy trustee to purchase a malpractice litigation claim from the estate by paying enough to pay the creditors in full along with all the administrative expenses of the estate. There is $75,000 to $100,000 in equity to protect the creditors interest in the property.

## II.  LAW AND ARGUMENT

The Bankruptcy Code also recognizes that certain circumstances require the court to respond to other interests and permits a flexible approach to the stay as the circumstances may require. 11 U.S.C. § 362(d)(1) authorizes the bankruptcy court broad discretion to grant relief from the automatic stay imposed under under 362(a) for "cause." Such relief may include "terminating, annulling, modifying, or conditioning such stay." *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-09 (9th Cir. 1995).

## IV.    CONCLUSION

The court should deny the motion for relief from stay as no cause exists to lift the stay. In the alternative provide the debtor with time to file additional evidence and supplemental legal authority and continue the hearing out 60 days, at which time the debtor will either have concluded the sale of the property, or the closing would be imminent.

Respectfully submitted,

DATED: October 25, 2018          By: /s/ Phillip Gillet Jr.

Phillip W. Gillet, Jr.
Attorney for debtor