UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | |
|---|---|
| **Case Title:** James Floyd Cannon and Jamie Darlene Cannon | **Case No.:** 15-11835 - A - 7 |
| | **Docket Control No.** MRG-1 |
| | **Date:** 11/07/2018 |
| | **Time:** 9:45 AM |

**Matter:** [716] - Motion for Relief from Automatic Stay [MRG-1] Filed by Creditor U.S. Bank Trust National Association (Fee Paid $181) (eFilingID: 6362164) (pdes)

**Judge:** Fredrick E. Clement
**Courtroom Deputy:** Lisamarie Tristan
**Reporter:** Electronic Record
**Department:** A

**APPEARANCES for:**
**Movant(s):**
(by phone) Creditor's Attorney - Jennifer R. Bergh
**Respondent(s):**
None

CIVIL MINUTES

**Motion:** Stay Relief
**Disposition:** Denied as moot
**Order:** Civil minute order

**MOOTNESS STANDARDS**

Federal courts have no authority to decide moot questions. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67-68, 72 (1997). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244-45 (9th Cir. 1988) (citing *United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th Cir.1984)).

<u>Moot as to the Estate</u>

Closure of a bankruptcy case terminates the automatic stay. Under § 362(c)(1), the stay of an act against property of the estate terminates when such property leaves the estate. 11 U.S.C. § 362(c)(1). Under § 362(c)(2), the stay of "any other act" under § 362(a) terminates upon the earlier of three events: (i) dismissal of

a case, (ii) closure of a case, or (iii) the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(A)-(C).

Property is automatically abandoned upon closure of a case when it has been "scheduled under § 521(a)(1)." 11 U.S.C. § 554(c). This abandonment of scheduled property is known as technical abandonment. *See In re Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999).

Furthermore, for property to be technically abandoned under § 554(c), it must be "*properly* scheduled" under § 521(a)(1). *Pace v. Battley (In re Pace)*, 146 B.R. 562, 566 (B.A.P. 9th Cir. 1992) (emphasis added). As to what constitutes scheduling, merely listing property on the Statement of Financial Affairs is not sufficient. "Mentioning an asset in the statement of affairs is not the same as scheduling it." *See Orton v. Hoffman (In re Kayne)*, 453 B.R. 372, 384 (B.A.P. 9th Cir. 2011) (noting that any argument that property was abandoned because it was listed on the SOFA was meritless). "The cases have held that the word 'scheduled' in § 554(c) refers to properly listed in the debtor's Schedules of Assets and Liabilities." *Swindle v. Fossey*, 119 B.R. 268, 272 (D. Utah 1990).

In this case, the debtors listed the property, commonly known as 5820 Fernside Ct., Bakersfield, California on their bankruptcy schedules. Amended Schedule A, filed November 16, 2015, ECF No. 289. The case closed on May 17, 2017. Final Decree, ECF No. 655. Thus, the stay evaporated when the case closed, and the subject property reverted back to the debtor. The court is unable to grant effective relief and will deny the motion as moot, as to the estate.

Moot as to the Debtor

An order granting or denying a discharge terminates the automatic stay. Under § 362(c)(1), the stay of an act against property of the estate terminates when such property leaves the estate. 11 U.S.C. § 362(c)(1). And the dismissal of a case "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." *Id.* § 349(b)(3).
Under § 362(c)(2), the stay of "any other act" under § 362(a) terminates upon the earlier of three events: (i) dismissal of a case, (ii) closure of a case, or (iii) the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(A)-(C).

In this case, because a judgment denying the discharge was entered, the automatic stay no longer exists. See Judgment, March 14, 2016, ECF No. 403. The court cannot grant relief from a non-existent stay under § 362(d)(1). The motion will be denied as moot.